IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02896-GPG-KAS

ALEXANDER NOEL GARCIA,

    Plaintiff,

v.

ADAMS COUNTY, COLORADO, a government agency,
WILFRED EUROPE, Adams County Deputy,
CHAD KRAUSE, Adams County Deputy, and
GENE CLAPS, Adams County Sheriff,

    Defendants.
_____

### ORDER DENYING MOTION TO APPOINT FORENSIC EXPERT
_____

This matter is before the Court on Plaintiff's **Motion to Appoint Forensic Expert Under Federal Rule of Evidence 706** [#189] (the "Motion"). Plaintiff asks the Court to appoint a forensic expert to review video footage produced by Defendants. *Motion* [#189] at 3-4. Plaintiff believes that Defendants' video footage "is not authentic" and "appears to have been modified" thereby raising serious concerns of "tampering, mishandling, and spoliation." *Id.* at 2. Plaintiff argues his requested relief is warranted because he is an incarcerated individual who lacks the expertise to assess whether Defendants manipulated any portion of the footage. *Id.* at 4. For the following reasons, the Motion [#189] is **DENIED without prejudice**.

Federal Rule of Evidence 706 allows a court to appoint an expert witness in "truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate

balance of the juristic role." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (quoting *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988)). Rule 706 serves to assist the court, not the parties. *See McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *4 (10th Cir. Sept. 30, 2021). "[T]he decision to appoint an expert witness rests with the sound discretion of the district court." *Martinez v. Colo. Dep't of Corr.*, No. 19-cv-01245-PAB-NYW, 2019 WL 5863899, at *3 (D. Colo. Nov. 8, 2019). Courts "rarely" exercise this power and treat it as the exception, not the rule. *Rachel*, 820 F.3d at 397-98.

Plaintiff's Motion [#189] appears to arise from an ongoing discovery dispute regarding the existence of video footage of an April 11, 2022 excessive force incident. *See Motion* [#189]; *see also Am. Compl.* [#12] ¶ 82 (alleging that video footage from the April 11, 2022 incident was destroyed). At a discovery hearing on July 9, 2025, the Court heard argument about the production of videos and the existence of any video from the April 11, 2022 incident. *See July 9, 2025 Tr.* [#183] at 51:22-60:9. During that hearing, Plaintiff acknowledged that he did not actually *know* whether any video footage was destroyed but he contemplated a "hypothetical" situation where he "can foresee something coming down the lines of missing video footage from [two excessive force incidents that occurred on December 6, 2021, and April 11, 2022, and which underly this lawsuit]." *Id*. at 52:7-11, 53:5-8.[1]

---

[1] *See also id*. (Plaintiff stating, "[I]n reviewing [the produced video footage], when I get a chance to review them, *if* I find that there's video footage that is missing or been destroyed . . .") (emphasis added); *id*. at 55:11-13 (the Court stating to Plaintiff, "all I have is your belief that there is a video that once existed and no longer exists."); *but see id*. at 55:55:17-56:4 (Plaintiff explaining that, from his recollection, the disclosed videos "may have only showed the morning" of April 11, 2011, but the incident occurred in the afternoon); *id*. at 57:3-11 (defense counsel explaining that "[t]he incident occurred in the afternoon, but [she is] not aware of any video that was captured during that time," she has "been told everything has been turned over," and defense counsel has "asked many, many times for a video" from the afternoon of April 11, 2022, but counsel has "never heard any information that it ever existed").

2

Plaintiff's suspicion of missing video(s) stems from three things:

First, on May 15, 2025, the Adams County Sheriff's Office issued a letter, which states that the jail division has confirmed that "no [video] footage . . . exists" of the two excessive force incidents. *See Adams County Sheriff's Letter* [#163] at 5 (attached to Plaintiff's Motion to Compel [#163]); *see also Tr.* [#183] at 53:2-4 (Plaintiff referencing letter).

Second, Defendants represent that they have produced all the videos that exist. *See Tr.* [#183] at 52:17-21 (Plaintiff stating, "[defense counsel] is telling me [the videos are] sent, but yet the custodian of records [the Adams County Sheriff's Department] tell[s] me these videos have been destroyed."); *id*. at 54:4-8 (defense counsel explaining that they "have disclosed every video that exists," but Plaintiff "thinks that there is another video that exists that no one else has seen and [defense counsel] can't locate."); *see also id*. at 55:1-3 (defense counsel explaining that "[v]ideos of both incidences have been produced," but "[f]or some reason, there is a video that [Plaintiff] thinks exists that just doesn't").

Third, Plaintiff recalls that, during a disciplinary hearing regarding the April 11, 2022 incident, the hearing officer stated that he reviewed the incident videos. *See id.* at 60:23-61:4.

Because Plaintiff did not actually know whether video from the afternoon of April 11, 2022, was missing, the Court directed Plaintiff to review the video footage he had received, identify by Bates number the morning footage, verify that the morning footage does not include afternoon footage, and confer with opposing counsel if the footage does not include the afternoon. *See id*. at 60:5-9. The Court also suggested that Defendants

3

might "consider having the custodian of records . . . to provide an affidavit or a declaration that explains that might have happened to the video captured from the rest of the day after the morning." *Id*. at 60:11-16. Additionally, the Court ordered Defendants to produce the disciplinary hearing audio and, if it no longer exists, Defendants were ordered to produce a declaration or affidavit from the custodian of records explaining why that hearing audio no longer exists. *Id*. at 64:1-8.

Now, in support of his request for a court-appointed forensic expert, Plaintiff articulates a suspicion of "tampering, mishandling, and spoliation" because, he asserts, supplemental disclosures "misrepresent[ ] service and include[ ] improperly labeled Bates numbers inconsistent with prior disclosures" and chain of custody logs "show the video DVD was repeatedly checked out and returned over a span of the past 3 years, including unexplained transfers to labs and officers." *Motion* [#189] at 2. Additionally, without any support, Plaintiff asserts that "disclosed footage is not authentic and appears to have been modified numerous times." *Id*.

Plaintiff's unadorned, conclusory assertions of "tampering, mishandling, and spoliation" of evidence provide no grounds for a court-appointed expert under Rule 706. Additionally, Plaintiff's questions about why a DVD might have been "repeatedly checked out" during a three-year period do not lead to the obvious conclusion of malfeasance. The DVD could have been checked out multiple times by different people for several legitimate reasons, which could have been explored in discovery. Discovery, however, has been closed since May 16, 2025. *See Minute Order* [#155]; *see also Tr.* [#183] at 63:13 ("To be clear, [the Court is] not reopening discovery."). Defendants apparently produced the universe of incident videos as part of their initial disclosures. *See Tr.* [#183] at 39:21-23

4

(representation from counsel that "all videos related to the incident" were produced, but not in response to any discovery request); *see also id*. at 16:5-7 (noting that Defendants sent their initial disclosures to Plaintiff on June 18, 2024, and three other times). The discovery cut-off was twice extended on Plaintiff's motions. *See Minute Order* [#131] (extending cut-off from January 10, 2025, to April 10, 2025); *Minute Order* [#155] (extending cut-off from April 10, 2025, to May 16, 2025). In total, the Court granted Plaintiff four extra months to complete discovery. Plaintiff had more than adequate time to delve into these issues.

Even if discovery was not closed, Plaintiff's request for a court-appointed expert is inappropriate and not permitted under Rule 706, which serves to assist the court, not the parties. *See McCleland*, 2021 WL 4469947, at *4. Rule 706 does not contemplate court appointment of an expert to help a litigant conduct discovery or otherwise investigate the case. Further, even though Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see Order* [#4], "[t]he plain language of [the in forma pauperis statute] does not provide for the appointment of expert witnesses to aid an indigent litigant." *Blake v. Webster*, No. 10-cv-0162, 2010 WL 3908702, at *1 (D. Colo. Oct. 1, 2010) (quoting *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

Finally, the issues in this case—whether Plaintiff's constitutional rights were violated and whether the government failed to train regarding excessive force—are not overly complex or scientific. These issues regularly arise in lawsuits filed in this District. Thus, the Court has no need for a court-appointed expert *See Nagim v. Equifax Info. Servs., LLC*, No. 09-cv-02428-PAB-KLM, 2010 WL 466757, at *1 (D. Colo. Feb. 9, 2010) ("In the absence of complex scientific evidence or complex issues" a court "does not

5

abuse its discretion in declining to appoint an expert pursuant to Rule 706.") (internal quotations omitted). Furthermore, technical experience or other specialized knowledge is not required to view the footage and make credibility determinations. *See Woodroffe v. Oregon*, No. 2:12-cv-00124-SI, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."). Importantly, "the mere assertion that footage has been altered does not justify the appointment of a neutral expert." *Carter v. Ely*, No. 7:20-cv-00713, 2024 WL 1184100, at *2 (W.D. Va. Mar. 18, 2024). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#189] is **DENIED without prejudice**.

Dated: October 7, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge